IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                       No. CR 12-2681 JB

PRESTON CORIZ,

        Defendant.

## UNSEALED MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on the Sealed Objections to the Presentence Report, filed March 18, 2014 (Doc. 41)("Objections"). The Court held a sentencing hearing on May 7, 2014. The primary issues are: (i) whether a victim who is sleeping at the time a defendant commits a crime is a "vulnerable victim," as U.S.S.G. § 3A1.1(b)(1) defines that phrase; and (ii) whether there is sufficient evidence to support the 2-level enhancement under § 3A1.1(b)(1) in this case. The Court concludes that, when a defendant commits a sexual act against a victim while the victim is sleeping, the victim is a "vulnerable victim" as § 3A1.1(b)(1) defines that phrase, but that there is not sufficient evidence in this case to support the enhancement, because the preponderance of the evidence does not establish that the victim, Jane Doe, was asleep when Coriz engaged in the sexual act against her.

---

[1] In its Sealed Memorandum Opinion and Order, filed June 18, 2014 (Doc. 47)("Sealed MOO"), the Court inquired whether the parties had any proposed redactions to protect confidential information in the Sealed MOO before the Court published a public version of the Sealed MOO. See Sealed MOO at 1 n.1. The Court gave the parties fourteen calendar days to provide notice of any proposed redactions. See Sealed MOO at 1 n.1. The parties have not contacted the Court or made any filings within CM/ECF, the Court's Case Management/Electronic Case Files, to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form.

Pursuant to a Plea Agreement, filed July 11, 2013 (Doc. 33), Coriz pled guilty to violating 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(C), and admitted these facts:

> On or about November 1, 2008, through on or about November 15, 2008, in Indian County, in Sandoval County, in the District of New Mexico, I, PRESTON CORIZ, an Indian as defined by federal law, unlawfully and knowingly engaged in a sexual act, by using force or threat of force, with Jane Doe, a child who had not then attained the age of twelve (12) years, and the sexual act consisted of the penetration, of the genital opening of Jane Doe, by my hand and finger. I did this with the intent to abuse, humiliate, harass, degrade, and arouse and gratify my sexual desire.

Plea Agreement at 3-4. In the Presentence Investigation Report, disclosed September 11, 2013 ("PSR"), the United States Probation Office recommends applying the 2-level enhancement pursuant to § 3A1.1(b)(1). See PSR ¶ 28, at 6. Coriz objects to the vulnerable victim enhancement; he contends that a victim is not "vulnerable" simply because the victim is asleep and argues that there is not sufficient evidence in this case to find that the victim was sleeping. See Objections ¶ 8, at 5-6.

Section 3A1.1 states: "If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." U.S.S.G. § 3A1.1(b)(1). The application notes explain:

> For purposes of subsection (b), "vulnerable victim" means a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under 1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct.
>
> Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability. The adjustment would apply, for example, in a fraud case in which the defendant marketed an ineffective cancer cure or in a robbery in which the defendant selected a handicapped victim. But it would not apply in a case in which the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile. Similarly, for example, a bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank.

U.S.S.G. § 3A1.1 cmt. n.2.

While the United States Court of Appeals for the Tenth Circuit has not addressed whether the vulnerable victim enhancement applies when the victim is asleep, other United States Courts of Appeals have affirmed the finding that a victim who is asleep may be vulnerable, as § 3A1.1 defines that term. In United States v. Wetchie, 207 F.3d 632 (9th Cir. 2000)(O'Scannlain, J.), the defendant entered the eleven-year-old victim's bedroom, where he "noticed that the victim was sleeping on her back, wearing only underwear and not covered by any bed covers." 207 F.3d at 633. He "rubbed the victim's genital area over her panties for several seconds," waking her. 207 F.3d at 633. The United States Court of Appeals for the Ninth Circuit affirmed the district court's application of the vulnerable victim enhancement, because "the victim's being asleep diminished [her] ability to resist the Defendant or cry out, [rendering her] essentially unable under any circumstances to resist his physical advance, unable to express any objection, unable to cry out, unable to do really anything until after the act was already underway or completed." 207 F.3d at 634 (alterations in original). In United States v. Newsom, 402 F.3d 780 (7th Cir. 2005)(Wood, J., with Bauer and Posner, JJ.), the defendant "was caught with child pornography on his computer, including pictures of his own daughter and his ex-girlfriend's daughter." 402 F.3d at 781. The district court found that one of the victims was unusually vulnerable, because she was asleep at the time the defendant filmed her. See 402 F.3d at 785. "The court explained that '[s]he [was] unable to express any kind of discontent . . . . She [was] unable to resist or express any kind of objection. She [could not] do anything until the act [was] either underway or over.'" 402 F.3d at 785. The United States Court of Appeals for the Seventh Circuit explained that not every "victim who surreptitiously is watched is vulnerable," such as a person "out in public unaware of who is focusing on her" and who "does not know that she is

- 3 -

being videoed or watched."  402 F.3d at 785.  The Seventh Circuit affirmed the district court's finding, however, because

> [t]he videotape admitted into evidence and viewed by the district court shows [the defendant] moving Jane Doe # 1's underwear so as to get better shots of her genitals.  Such an attempt would have been impossible had Jane Doe # 1 been awake.  The purpose of the vulnerable victim enhancement, which is to punish more severely those who target the helpless, is satisfied on these facts.

402 F.3d at 785.  See United States v. Plenty, 335 F.3d 732, 735 (8th Cir. 2003)(upholding the enhancement, because a sleeping burglary victim "did not have the ability to phone law enforcement, to run away, to move the location of the assault away from her children, or to fight back"); United States v. Kapordelis, 569 F.3d 1291, 1315-16 (11th Cir. 2009)(stating that the victims, whom the defendant had drugged and then photographed while they were asleep, "qualified as 'vulnerable victims' under the Guidelines because they were asleep or otherwise nonresponsive and, thus, unable to object or respond in any way when [the defendant] pulled down their underwear and exposed their genitalia or anuses for the camera").  The Court concludes that, if the facts show that the victim was sleeping when Coriz sexually touched her, she was a vulnerable victim as § 3A1.1(b)(1) defines that term.

The facts in this case do not support a finding that Doe was sleeping when Coriz sexually touched her.  Coriz did not admit to any facts in the Plea Agreement that indicate that Doe was sleeping.  See Plea Agreement at 3-4.  The USPO points to Paragraph 15 to support the enhancement:

> On September 10, 2009, the defendant was interviewed by FBI agents. During the interview, the defendant admitted to entering the room of L.T. during the night while she was sleeping on two occasions.  On the first occasion, he indicated he was intoxicated and mistakenly entered her room while returning from the bathroom and that he touched her feet.  He further advised she woke up and he left the room.  On the second occasion, which was approximately three weeks later, he reported he entered L.T.'s room while she slept.  He advised he

>placed his hand directly on her vagina and rubbed it up and down repeatedly. He further described how his finger slightly penetrated her vagina.

PSR ¶ 15, at 4.

At the hearing, the Court asked the United States whether it could "support by a preponderance of the evidence that the victim was asleep." Transcript of Hearing at 6:16-17 (Court), taken May 7, 2014 ("Tr.").[2] The United States asserted that the victim

>was asleep but would wake up when he entered the room, would wake up when he started his activity, and so I think it's kind of a mixed bag that she was asleep initially, but she was aware of her surroundings and she would wake up when the defendant started his activity.

Tr. at 6:23-7:3 (Nayback). In the United States' view, the USPO "got it right," but the United States did not intend "to call Jane Doe to talk about the events that took place in detail and subject[] her to cross-examination by Mr. Gonzales nor did we bring an FBI agent to testify about what Jane Doe told them." Tr. at 7:4-9 (Nayback). Coriz asserted that "the child involved was not asleep during the conduct and, as such, that eliminates the . . . applicability of this particular enhancement." Tr. at 8:5-9 (Gonzales). The Court noted that paragraph 15 of the PSR "contains the defendant's self-admission to the FBI that he entered the victim's room while she was sleeping on two occasions" and that, while the victim woke up during the first occasion, it seemed that, during the second occasion, she was asleep when Coriz touched her. Tr. at 8:10-21 (Court). Coriz asserted that, in describing the second occasion, he did not say the victim was asleep when he touched her, and so, without more evidence, it is a "50/50 tossup" whether she was asleep, and that the preponderance of the evidence does not "support the child being asleep at the time of his conduct." Tr. at 8:24-9:6 (Gonzales). The Court agreed that it did not "have

---

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

enough of an admission to make the further finding that she was asleep" when Coriz touched her on the second occasion described in Paragraph 15 of the PSR. Tr. at 9:10-14 (Court).

Although the Court concludes that a victim who is asleep is vulnerable, as § 3A1.1(b)(1) defines that term, the preponderance of the evidence in this case does not establish that Jane Doe was asleep when Coriz sexually touched her. Because there is not sufficient evidence to support the 2-level enhancement under § 3A1.1(b)(1), the Court will sustain the objection.

**IT IS ORDERED** that the objection to U.S.S.G. § 3A1.1(b)(1) in the Sealed Objections to the Presentence Report, filed March 18, 2014 (Doc. 41), is sustained.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Kyle T. Nayback
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Benjamin A. Gonzales
  Assistant Federal Public Defender
Albuquerque, New Mexico

  *Attorney for the Defendant*